UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

C.A. No.: 11-30123-KAR

**MICHAEL ZOUFALY, Individually and on Behalf of All Other Persons Similarly Situated,**
  **Plaintiff,**
  v.
**WORLDWIDE TECHSERVICES, LLC, WORLDWIDE TECHNOLOGY SERVICES, LLC, and QUALXSERV, LLC,**
  **Defendants**

### ORDER AND JUDGMENT GRANTING
### FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs and Defendants have submitted their Stipulation and Settlement Agreement ("Settlement Agreement") to settle this class action, subject to the Court's approval. The Court granted preliminary approval of the settlement on May 1, 2015.

In accordance with the preliminary approval order, the FLSA Plaintiffs have been given notice of the terms of the Settlement Agreement and an opportunity to object to or opt out of the Settlement. Zero (0) Settlement Beneficiaries have timely objected to the settlement and zero (0) Settlement Beneficiaries have timely opted out of the Settlement.

Having considered the proposed Settlement Agreement, the papers submitted by the parties in support of final approval of the Settlement, and the arguments of counsel at the Final Approval Hearing held on June 2, 2015, the Court hereby grants final approval of the Settlement and enters judgment accordingly.

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. For the reasons set forth in the preliminary approval order and in the transcripts proceedings of the Preliminary Approval Hearing and the Final Approval hearing, which are adopted and incorporated herein by reference, this Court finds that this Settlement shall be approved pursuant to 29 U.S.C. § 216(b) (the "FLSA").

2. For purposes of settlement and final approval of this Settlement, this Court finds that this Settlement shall be approved under the FLSA on behalf of **ALL CURRENT OR FORMER TECHNICIANS EMPLOYED BY DEFENDANTS AT ANY TIME FROM JUNE 3, 2009 TO JUNE 6, 2012 WHO FILED AN OPT-IN CONSENT FORM IN THIS ACTION** (the "FLSA Plaintiffs").

3. The Settlement Notice fully and accurately informed the FLSA Plaintiffs of all material elements of the proposed Settlement and of their opportunity to object to or opt out of the Settlement. The Settlement Notice was the best notice practicable under the circumstances; were valid, due, and sufficient notice to all such persons; and complied fully with the Federal Rules of Civil Procedure, the FLSA, due process, and other applicable law. A full opportunity has been afforded to all such persons to participate in the Final Approval Hearing, and all person wishing to be heard who complied with the requirements of the Court's Preliminary Approval Order have been heard.

4. The Court has reviewed the Settlement Agreement and finds that it is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to liability and damages and the difficulty and delays inherent in such litigation. The Court finds that informal and formal discovery, investigation, and research have been conducted such that counsel for all parties are able reasonably to evaluate their respective positions. The

Court finds that the Settlement has been reached after intensive, serious, and non-collusive arm's-length negotiations.

5.  The Court hereby grants final approval to the Settlement and finds it fair, reasonable, and adequate, and in the best interests of the FLSA Plaintiffs. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the Settlement Agreement and the following terms and conditions.

6.  All FLSA Plaintiffs who negotiate the checks sent to them by Defendants as Settlement Awards shall be deemed to have irrevocably released all the Released Claims described in the Settlement Agreement.

7.  The Court finds that payment of additional compensation to Zoufaly in the amount of $2,500 as an Incentive Awards is fair and reasonable in light of the benefits he has provided to the FLSA Plaintiffs and Plaintiffs' Counsel. Payment of such amount to Zoufaly is hereby ordered.

8.  The Court awards to Plaintiffs' Counsel attorneys' fees and costs in the amount of $25,000.00, for all past and remaining work until completion of this matter. Such Awards, are made in accordance with the terms of the Settlement Agreement, and are fair and reasonable under the circumstances. In ordering this award of attorneys' fees and costs, the Court has considered the following factors: (a) the contingent nature of this action; (b) the experience, reputation, and ability of Plaintiffs' Counsel and the skill they displayed in this litigation; (c) the results achieved under the Settlement; and (d) the preclusion of other employment.

9.  In accordance with the Settlement Agreement, any funds remaining shall be paid as a cy pres award to the Hampden County Bar Association. Such payment shall be made thirty (30) calendar days following the expiration of the 120-day period for cashing checks.

10. Within thirty (30) days after payment in full of all amounts awarded in this Order and Judgment, Defendants' Counsel shall provide to Plaintiffs' Counsel a certification that it has complied fully with its obligations hereunder and then shall forthwith file said certification with the Court. Upon receipt of such certification, if no further action by the Court is required, the Court shall dismiss the case with prejudice.

11. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms and the orders of this Court for the mutual benefit of the Parties. Having found that said Settlement is fair and reasonable, the Court, in the interest of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and thereby decrees that, upon entry, it be deemed a final judgment finally dismissing the Action subject to its terms.

Dated:_____, 2015       _____
                                    Katherine A. Robertson
                                    United States Magistrate Judge